## PHILIP COOMBS *vs.* HENRY WARREN.

It is a rule well established, that if a bill in equity prays for discovery and relief, if the party is not entitled to relief, he is not entitled to a discovery.

In this State, where there exists a plain, adequate and sufficient remedy at law, a bill in equity cannot be sustained for relief.

THIS was a bill for discovery in aid of several suits at law, and for general relief. There was a prayer for an injunction to restrain further proceedings at law on the part of the defendant in equity. The defendant filed a general demurrer.

The facts in the case sufficiently appear in the opinion of the Court.

*Rogers*, for the defendant, argued in support of the demurrer; and contended, that every bill in equity is in reality a bill of discovery; and that species usually distinguished as bills of discovery, are merely to assist other courts. And when all material facts can be exhibited without the aid of chancery, discovery is not required, and the trial elsewhere shall not be delayed. *Mitford's Treat.* 52; *Fonb. Eq.* 710, *note.* Our Court has not jurisdiction in mat-

ters of discovery merely. The statute under which the power exists does not give general chancery jurisdiction. If any such bills are entertained, where will the Court stop ? As a bill of discovery this is defective, in not averring that the complainant is unable to prove his facts by other evidence. *Seymour* v. *Seymour*, 4 *Johns. Ch. R.* 411 ; 2 *Munf.* 260 ; 4 *Hen. & M.* 478 ; 4 *Dessaus.* 105. Where a bill seeks discovery in aid of a bill pending against the party in chancery, it is termed a cross-bill. 1 *Mad. Ch.* 196. An inquiry by a stranger, or by a rival claimant, standing on equal grounds, which is the present case, is a fishing-bill, and cannot be maintained. 2 *Caines' Ca.* 296 ; 2 *Johns. Cas.* 413. Where a bill is brought for discovery and relief, but the former is only sought as auxiliary to the latter, the complainant cannot have discovery, if he is not entitled to relief. 3 *Conn. R.* 135. This bill charges usury, and the enforcement of paid paper, and this Court has not jurisdiction of the premises. *Pratt* v. *Bacon*, 10 *Pick.* 122 ; *Given* v. *Simpson*, 5 *Greenl.* 303 ; *Galvin* v. *Shaw*, 3 *Fairf.* 454. Equity will not compel a discovery in this case, when it subjects the respondent to a forfeiture or penalty. 1 *Johns. Ch. R.* 367 ; 3 *Johns. Ch. R.* 47 ; 4 *Johns. Ch. R.* 432 ; 16 *Johns. R.* 597. He who seeks equity must do equity, and if the borrower comes into court for relief against his usurious contract, he must bring into court the money actually borrowed with legal interest. 2 *Dessaus.* 341 ; 3 *Har. & J.* 185 ; 12 *Serg. & R.* 46 ; 1 *Johns. Ch. R.* 367, 439. After a verdict at law, a party comes too late with a bill of discovery. 3 *Johns. Ch. R.* 355 ; 2 *Dessaus.* 40.

*Hobbs* argued for the complainant, and in the course of it, enforced these positions. The demurrer covers the whole bill. If therefore it should be found good for part only, it must be overruled. 8 *Vesey*, 403 ; 17 *Ves.* 280 ; 2 *Madd.* 286 ; *Story's Eq. Pl.* § 443. The demurrer puts in issue the jurisdiction of the Court. If, therefore, there is sufficient matter in the bill, either for an injunction, for discovery, or for relief, the bill must stand confessed by the demurrer. The equity powers of the Court, so far as concerns the present suit, are derived from *stat.* 1830, *c.* 462. This statute does not specify any particular mode in which

the Court may grant relief. It is enough if the bill presents a case of " fraud, trust, accident or mistake," or a reasonable ground for the Court to believe, that injustice will be done to the plaintiff in equity, provided, he has not a plain, adequate and sufficient remedy by the rules of the common law. In such case the Court is authorized to administer relief " according to the course of courts of equity."

The Court will sustain the bill, as it respects the prayer for an injunction. Wherever a party, by fraud, accident or otherwise, has an advantage in proceeding in a Court of ordinary jurisdiction, which must necessarily make the Court an instrument of injustice, a court of equity, to prevent a manifest wrong, will interpose by restraining the party, whose conscience is thus bound, from using the advantage he has improperly gained. 1 Madd. Ch. 133. The facts charged in the bill are confessed by the demurrer. Cooper's Eq. Pl. 111; Mitf. Eq. Pl. by Jeremy, 211; Story's Eq. Pl. 355, and cases cited.

The Court will sustain the bill as a mere bill of discovery. It is sufficient in form, and its subject matter is within the jurisdiction of the Court. A bill of discovery is favored in equity. 2 Story's Eq. § 1488. The affidavit of the complainant does set forth sufficiently, that he was unable to prove his facts by other evidence, and is in conformity with the rule in 16 Vesey, 222, recognized in Seymour v. Seymour, 4 Johns. Ch. R. 411, cited for defendant. A party may maintain a bill of discovery not only when he is destitute of other evidence to establish his case, but also to aid such evidence, or render it unnecessary. Hare on Discovery, 1, 110; 2 Ves. Sen. 398; 2 Atk. 241; Mitf. Eq. Pl. by Jeremy, 307; 2 Story's Eq. 701; Story's Eq. Pl. 260, note.

The bill can also be sustained as a bill for relief. If the Court find the complainant entitled to relief, they will retain the bill for that purpose, rather than send the actions back to a trial at law. 3 Atk. 263; Fonb. Eq. B. 1, c. 1, § 3, note to page 27, and cases cited. The complainant is entitled to a surrender of the accommodation paper deposited as collateral security for the payment of a note, which note has been paid. 1 Ves. Sen. 278; 2 Johns. Ch. R. 100; 2 Ves. Jr. 372; 7 Ves. 272; 2 Vern. 84. The complainant, having placed his name as surety for Morrill on a

note to defendant, and having paid the debt himself, is entitled to all the securities put into the hands of the defendant by *Morrill.* 1 *Story's Eq.* § 327.

The doctrine that the defendant cannot have relief from an usurious contract, without bringing the money borrowed with legal interest into Court, is founded on the principle that a discovery of the usury would lead to a forfeiture of the contract. 1 *Story's Eq.* 300; 5 *Johns. Ch. R.* 142. As there is no forfeiture in this State, the objection is untenable. Courts of equity will grant relief against unconscionable and exorbitant contracts. 1 *Story's Eq.* § 331; 2 *Vern.* 26.

The opinion of the Court was prepared by

WESTON C. J. — The gravamen alleged in the bill is, that the defendant has brought at law a suit, now pending, on a note of hand, which has in fact been paid. That another suit is prosecuted for the benefit of the defendant, in the name of *Asa Warren,* on certain bills of exchange, two of which have been paid, and that upon others excessive and usurious interest has been reserved and taken. That other bills, prosecuted by or for the defendant, in two other suits still pending, are also tainted with usury. And further, that the defendant has already received usurious interest, upon the consideration of the bills set forth; and that there is included therein certain damages, to which the defendant was not legally entitled.

The act to restrain excessive usury, *statute* of 1834, *c.* 122, has made ample provision at law, for the relief of the party aggrieved, by way of defence, if the usurious interest has not been actually received, and by giving him an action to recover it back, if it has. And if a demand in suit has been paid and discharged, this is matter of defence available at law. So if there is included in any bill or note, under pretence of damages or otherwise, any sum illegally extorted, or against equity or good conscience, the injured party has a right to defend at law against such illegal claim.

If then the matters alleged in the bill, as a ground for specific relief, would otherwise fall within the range of the chancery powers of this Court, it is very manifest, that the plaintiff has a plain, adequate and sufficient remedy, by the rules of the common law.

Where this exists, the chancery jurisdiction of this Court does not attach.

It is contended, however, and this is the main question in the case, that this process may be sustained as a bill of discovery. If such a bill is authorized by our law, there is a class of cases, where by the *English* practice, a court of equity may afford relief, consequent upon the discovery, notwithstanding there might be a perfect remedy at law. *Story*, in reviewing the doctrine upon this subject, says, that there is a distressing uncertainty on this branch of equity jurisdiction in *England*. 1 *Story's Com. in Equity*, § 66. But from the practice in the courts of the *United States*, in the State of *New-York*, and in the courts of other States, possessed of chancery jurisdiction, he endeavors, in the following sections, to extract rules of greater simplicity, and of more uniform application. One of them is, that in cases, where the remedy at law is more appropriate than the remedy in equity, or the verdict of a jury is indispensable to the relief sought, the jurisdiction will be declined ; or if retained, will be so, subject to a trial at law.

The necessity of this qualification, in our jurisprudence, is enforced by the constitution of this State, art. I, § 20, which in civil suits secures to parties a trial by jury, except where it has been heretofore otherwise practised. And this in itself is a sufficient reason for declining to withdraw controversies, in relation to property, from the common law, in all cases not falling directly within the equity powers conferred upon this court. In cases, therefore, where a plain and adequate remedy exists at law, it would be a question well entitled to grave consideration, whether they are properly embraced within the equitable powers of this Court, merely because they are presented under a bill for discovery.

Relief in certain cases has been afforded as incident to, and consequent upon such a bill, but it is not the ground, upon which the bill is sustained in chancery practice. Such a bill, in a proper case, is doubtless sustained in *England* and in other courts, possessing general chancery powers. It has been said, that every bill in equity is properly a bill of discovery. 2 *Story's Eq.* 700, and so far as it is used in aid of the statute power of this Court, it may be sustained as one of the means of administering relief, according to the course of courts of equity. *Stat.* 1830, c. 462.

The bill before us is for discovery and relief, and not for discovery merely. It is a rule well established, that if a bill prays for discovery and relief, if the party is not entitled to relief, he is not entitled to a discovery. *Loker* v. *Rolle*, 3 *Vesey*, 7 ; *Muckleston* v. *Brown*, 6 *Vesey*, 63 ; *Baker* v. *Mellish*, 10 *Vesey*, 553 ; *Gordon* v. *Simpkinson*, 11 *Vesey*, 510 ; *Jones* v. *Jones*, 3 *Meriv*. 502 ; 1 *Story's Eq.* 87.

As there exists in this case a plain, adequate and sufficient remedy at law, the bill cannot be sustained for relief; and according to the rule referred to, it cannot be prosecuted as a bill of discovery. The opinion of the Court, therefore is, that the bill must be adjudged bad upon the demurrer, and the defendant is to be allowed his costs.